IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, also known as Raj Singh, <br><br> Plaintiff, <br><br> v. <br><br> SACRAMENTO COUNTY, et al., <br><br> Defendants. | No. 2:23-CV-0055-DMC-P <br><br><br> ORDER |

   Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, who was a prisoner at the time he filed this action but who has since been released from custody, names the following as defendants: (1) Sacramento County; (2) Scott Jones, the Sacramento County Sheriff; and (3) Brad Rose. See ECF No. 1. In his one-page complaint, Plaintiff alleges as follows:

> From 2019 through 2021, Raj Singh AKA Raghvendra Singh ("Singh") was inmate at Sacramento County Jails. Singh was placed with hard core criminals. As a result, Singh was misused including sexually misused. Defendants knew that placement with hard core criminals results in misuses. Still, defendants refused to take any step to stop misuse. Singh was not provided any request forms, grievances, religious service, could not practice his religion, and could not get proper medical care and medically needed help. Singh was not provided his religious food for a long time. Singh was NOT provided Sleeping Machine, glasses, and safe distance for Covid-19, medical experts for his medical problems, proper masks, and proper treatment for his serious health problems. As a result, Singh Covid-19, tuberculosis, and other serious medical diseases many times. Singh had and has breathing problem and many other serious health problems. Singh was sentenced to prison but was not sent to prison after sentencing. Otherwise, Singh was completing his sentence long time ago because Prisons provide more credits and better care. Officers broke his legs and misused him in an attempt to get false confessions. Singh's legal documents were taken again and again by the guards. Thus, Singh was denied an access to the Courts. On 1/30/2020, Guards took all the documents, evidence, and information about witnesses. Thus, Singh could not produce witnesses, documents and evidence to provide that his charges and non-crime, false and fabricated. Thus, defendants are responsible for stated wrongdoings. The prison officials wanted to release Singh. But, defendants refused to release him. Singh was denied for religious books and wheel chair also. Thus, Singh got physical, psychological, social, emotional, and penological injuries unnecessarily.

> Under the leadership of defendants, the County jails adopted stated grossly illegal and unconstitutional practices, customs, and policies which are contrary to the public policies also. So, please allow this action to restore the public trust and public faith also. Singh does not know the names of other defendants.

ECF No. 1 (errors in original).

Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and other relief as deemed appropriate by the Court. See id.

## II.  DISCUSSION

As currently pleaded, Plaintiff's complaint fails to state a claim upon which relief can be granted because he does not allege facts to link any of the named defendants, including Sacramento County, to a claimed constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, such as the Sacramento County Sheriff Scott Jones named in this action, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Municipalities and other local government units, such as Defendant Sacramento County, are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff will be provided leave to amend consistent with the standards outlined above.

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 15, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE