1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RAGHVENDRA SINGH, also known as          No.  2:23-CV-0055-DMC-P
     Raj Singh,
12
                      Plaintiff,
13
             v.                                ORDER
14
     SACRAMENTO COUNTY, et al.,                and
15
                      Defendants.              FINDINGS AND RECOMMENDATIONS
16

17

18          Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

19   U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

2    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

3    with at least some degree of particularity overt acts by specific defendants which support the

4    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

5    impossible for the Court to conduct the screening required by law when the allegations are vague

6    and conclusory.

7            In the one-page first amended complaint, Plaintiff names Scott Jones and Brad

8    Rose. See ECF No. 9. Plaintiff alleges facts in his amended complaint identical to those in his

9    initial complaint but has removed Sacramento County as a defendant. See ECF Nos. 1 and 9. The

10   initial complaint was dismissed for failure to state a claim. See ECF No. 7.

11           As with the original complaint, Plaintiff alleges that Defendants were responsible

12   for a for a series of abuses while Plaintiff was held in the Sacramento County Jail as Defendants

13   did not take action to prevent these abuses. See ECF No. 9. Plaintiff claims that he was "sexually

14   misused" while in the Sacramento County Jail. See id. at 1. Plaintiff claims that unnamed officers

15   broke his legs and "misused" him to extract a false confession. See id.  Plaintiff further claims

16   that guards took documents and evidence from him related to his trial. See id. Plaintiff claims that

17   he was not provided with proper medical care for his personal medical needs and was not

18   provided proper equipment to prevent the spread of COVID-19. See id. Finally, Plaintiff claims

19   that he was not provided with food that conformed to his religious beliefs. See id.

20           Plaintiff's original complaint was dismissed for failure to state a claim because

21   Plaintiff failed to allege facts linking any of the named defendants to a constitutional violation.

22   See ECF No. 7.  The Court advised Plaintiff of the appropriate legal standard requiring a causal

23   connection to be alleged.  See id.  Despite the Court's guidance, the first amended complaint

24   continues to suffer the same defect.  Plaintiff fails to state any claims for relief because he has not

25   set forth specific facts as to each named defendant's causal role in an alleged constitutional

26   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

27   / / /

28   / / /

2

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1.    It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2.    It is RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 16, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3