IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, also known as Raj Singh,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:23-CV-0055-DAD-DMC-P<br><br><br>ORDER |

      Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel. See ECF No. 16.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Wilborn v. Escalderon,

789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. As with the prior motions, Plaintiff's current motion does not describe exceptional circumstances. Plaintiff has demonstrated sufficient ability to articulate his claims on his own. Further, at the current stage of the proceedings before an answer has been filed or any discovery conducted, Plaintiff has not shown any particular likelihood of success on the merits. Finally, the claims in this case do not appear to be legally or factually complex.

The Court will sua sponte extend the deadline for Plaintiff to file a second amended complaint pursuant to the Court's July 25, 2024, order. Plaintiff is again cautioned that failure to file a second amended complaint within the time provided may result in dismissal of the entire action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion for the appointment of counsel, ECF No. 16, is denied.

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated:  November 13, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE